UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFF BOULLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 14-09580-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On December 15, 2014, Cliff Boulle ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on April 9, 2015. On July 31, 2015, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 43-year-old male who applied for Supplemental Security Income benefits on January 25, 2011, alleging disability beginning December 5, 2010. (AR 16.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since January 25, 2011, the application date. (AR 18.)

Plaintiff's claim was denied initially on July 25, 2011, and on reconsideration on September 19, 2011. (AR 16.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Dean Yanohira on September 6, 2013, in Norwalk, California. (AR 16.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 16.) Vocational expert ("VE") Aida Y. Worthington also appeared and testified at the hearing. (AR 16.)

The ALJ issued an unfavorable decision on September 20, 2013. (AR 16-23.) The Appeals Council denied review on November 14, 2014. (AR 2-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's mental impairment.
2. Whether the ALJ properly determined Plaintiff's credibility.
3. Whether the ALJ properly considered witness testimony.
4. Whether the ALJ properly determined Claimant could perform his past work.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting

Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the

listed impairments, the claimant is presumptively disabled. <u>Bowen</u>, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. <u>Pinto v. Massanari</u>, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. <u>Moore v. Apfel</u>, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. <u>Parra</u>, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. <u>Lounsburry v. Barnhart</u>, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. <u>Id.</u>

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since January 25, 2011, the application date. (AR 18.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: bipolar disorder and learning disorder, not otherwise specified (20 C.F.R. § 416.920(c)). (AR 18.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 18.)

The ALJ then found that Plaintiff has the RFC to perform a full range of work at all exertional levels with the following limitations:

> . . . restricted to unskilled, simple and repetitive tasks with only incidental work-related interaction with coworkers, supervisors, and the general public.

(AR 18-21.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 19, 20-21.)

At step four, the ALJ found that Plaintiff is able to perform his past relevant work as a stores laborer as generally performed. (AR 21.) The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of linen room attendant, hand packager, and cleaner II. (AR 21-22.)

Consequently, the ALJ found that Claimant was not disabled within the meaning of the Social Security Act. (AR 22-23.)

**DISCUSSION**

The ALJ properly considered the medical evidence and properly discounted Plaintiff's credibility and the lay witness testimony. The ALJ's RFC is supported by substantial evidence. The ALJ's step four and five determinations that Plaintiff can perform his past relevant work as a stores laborer or alternative jobs are supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## I. THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE

Plaintiff contends that the ALJ did not properly consider the medical evidence of his mental impairments in determining his RFC. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific,

6

legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

The ALJ found that Plaintiff had the severe mental impairments of bipolar disorder and a learning disorder, not otherwise specified. (AR 18.) The ALJ also found that Plaintiff could perform a full range of work but was "restricted to unskilled, simple and repetitive tasks with only incidental work-related interaction with coworkers, supervisors, and the general public."

Plaintiff claims that the ALJ in determining Plaintiff's RFC inadequately considered the medical evidence concerning his mental impairments. Quite to the contrary, substantial evidence supports the ALJ's RFC, in particular the medical evidence. The ALJ cited the July 15, 2011, psychiatric evaluation of Dr. Sohini Parikh, who found Plaintiff normal when compliant with medications. (AR 20, 377-383.) The ALJ, however, believed Plaintiff had significant functional limitations as evidenced by the opinion of State agency reviewer, Dr. Christal Janssen. (AR 20, 389-405.) She assessed Plaintiff

as having mild limitations in activities of daily living and moderate limitations in social functioning and in maintaining concentration, persistence and pace. (AR 20.) These limitations restrict the Claimant to the performance of simple, repetitive tasks with incidental interpersonal contact and direct, concrete supervision. (AR 20.) Supporting this assessment, the consulting psychologist, Dr. Bahareh Talei, found that Plaintiff could make simplistic work related decisions without special supervision, but had a mild inability to interact appropriately with supervisors, coworkers and peers. (AR 20, 437-441.)

Plaintiff disputes the ALJ's determination that Claimant had improved and stabilized with medications as unsupported by his treating physicians, but substantial evidence supports the ALJ's findings. The ALJ found that Claimant's history of bipolar disorder is well documented in treatment notes of South Bay Mental Health and Rio Hondo Mental Health. (AR 19.) This includes mood swings, insomnia, depression, and poor concentration. (AR 19.) Nonetheless, Claimant's symptoms stabilized with medications. (AR 19.) Claimant has had a good response to Seroquel with no medication side effects. (AR 19.) Claimant's symptoms decreased after taking Seroquel. (AR 19.) From 2009 to 2011, South Bay records reflect Claimant was stable. (AR 19.) Rio Hondo records in 2012 reveal Plaintiff's symptoms improved with use of Seroquel. (AR 19.) Thus, there is considerable evidence that Plaintiff's symptoms stabilized and improved with medication.

Plaintiff does not cite any medical evidence that the ALJ allegedly inadequately considered. Plaintiff refers to continuing symptoms, but no medical source opined that Plaintiff is disabled or provided an RFC that precludes all work. (AR 21.) Plaintiff refers to prior poor work history but his documented improvement and stabilization supports the opinions of Dr. Parikh, Dr. Janssen and Dr. Talei that Plaintiff can work.

Essentially, Plaintiff disagrees with the ALJ's interpretation of the medical evidence. It is the ALJ's responsibility, however, to resolve conflicts in the medical evidence. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is

reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ properly considered the medical evidence regarding Plaintiff's mental impairments when determining Plaintiff's RFC.

## II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY

Plaintiff contends that the ALJ improperly discounted his credibility. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

///

///

///

**B.    Analysis**

Plaintiff alleges an inability to work because of his mental condition. (AR 19.) More specifically, he reports problems with memory and concentration and difficulties with relationships and in keeping appointments. (AR 19.)

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause some of the alleged symptoms. (AR 19.) The ALJ, however, also found that Plaintiff's impairments and limitations do not support work restrictions beyond those set forth in the RFC. Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. Tommasetti v. Astrue, 533 F.3d 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Plaintiff's allegations of disability are "not substantiated by the objective medical evidence." (AR 19.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the ALJ found that the RFC is supported by objective clinical and diagnostic findings. (AR 21.) No treating, examining or reviewing medical opinion advocated for functional limitations beyond those delineated in the RFC. (AR 21.) Additionally, the ALJ made numerous findings that Plaintiff's symptoms improved, decreased and stabilized with his Seroquel medication. Impairments that can be controlled effectively with medication are not disabling. See Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).

Second, the ALJ found that Plaintiff's daily activities were consistent with the RFC. (AR 20.) Daily activities inconsistent with disabling limitations are a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46. Here, the ALJ found that Claimant set up his own bank and cellphone accounts and handles his own financial affairs. (AR 20.) He walks to the library, takes public transportation independently and

lives alone in a subsidized apartment. (AR 20.) He uses the computer to access the internet, watches television, plays games, buys food from the market, and visits his uncle. (AR 20.) The ALJ concluded that Claimant is capable of sustaining activities consistent with that described in the RFC. (AR 21.) Plaintiff contends that these activities do not prove he can work, but they do suggest Claimant has greater functional abilities than alleged. Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

Again, Plaintiff disagrees with the ALJ's interpretation of the evidence, but it is the ALJ's responsibility to resolve ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's subjective symptom testimony for clear and convincing reasons supported by substantial evidence.

## III. THE ALJ PROPERLY CONSIDERED THE LAY WITNESS TESTIMONY

Plaintiff contends that the ALJ improperly rejected the lay witness opinion of his friend Kevin Vaughan. (AR 19.) The Court disagrees.

### A. Relevant Federal Law

Lay witness testimony regarding a claimant's symptoms is "competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis, 236 F.3d 503, 511 (9th Cir. 2001); Smolen, 80 F.3d at 1288-89 (to reject lay witness testimony, ALJ must make findings "germane to each witness, and supported by substantial evidence"). Lay witness testimony cannot be disregarded without comment. Stout v. Comm'r, 454 F.3d 1050, 1053 (9th Cir. 2006). In rejecting lay witness testimony, however, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does not "clearly link his determination to those reasons" and substantial evidence supports the ALJ's decision. Lewis, 236 F.3d at 512. The ALJ also may "draw inferences logically flowing from the evidence." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). An

11

ALJ is not required to address lay witness statements that report the same symptoms alleged by the claimant and rejected by the ALJ. Valentine, 574 F.3d at 694 ("[i]n light of our conclusion that the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because the [lay witness'] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness'] testimony").

### B. Analysis

Here, the ALJ noted the function report of Kevin Vaughan. (AR 19, 232-41.) Mr. Vaughan's statements about Plaintiff's limitations were no different than the limitations Plaintiff himself has alleged. Plaintiff does not cite to anything in Mr. Vaughan's function report that is different from Plaintiff's own allegations. Because the ALJ rejected Plaintiff's own, similar allegations for clear and convincing reasons, the ALJ gave germane reasons for rejecting Mr. Vaughan's testimony. Any error in not discussing Mr. Vaughan's testimony further was harmless. Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012.)

* * *

The ALJ's RFC is supported by substantial evidence.

## IV. THE ALJ PROPERLY DETERMINED PLAINTIFF COULD PERFORM HIS PAST WORK

Based on the vocational expert's testimony, the ALJ found at step four of the sequential evaluation that Plaintiff could perform his past work as a stores laborer. (AR 21, 72.) An ALJ may rely on a VE's response to a hypothetical containing all of a claimant's limitations found credible by the ALJ. Bayliss, 427 F.3d at 1217-18. The vocational expert's recognized expertise provides the necessary foundation for his or her testimony. Id. at 1218. No additional information is required. Id.

Plaintiff contends that the ALJ's hypothetical question failed to contain all of his limitations. The Court, however, already found that the ALJ's RFC is supported by substantial evidence. As previously noted, no treating, examining or reviewing physician

12

advocated for functional limitations beyond those contained in the ALJ's RFC. (AR 21.) Plaintiff also alleges that a VE's testimony does not constitute substantial evidence if the ALJ fails to make specific findings discrediting Plaintiff's credibility or is not asked to consider lay witness testimony. Again, however, the Court already has found that the ALJ discounted Plaintiff's credibility for clear and convincing reasons which also applied to the lay witness testimony. Plaintiff seems to argue that his RFC should include a requirement of special supervision but the ALJ in determining Plaintiff's RFC relied on Dr. Talei who found that Plaintiff could make simplistic work-related decisions without special supervision. (AR 441.) The ALJ did not err in the formulation of his hypothetical question to the VE. Plaintiff has not carried his burden to prove that he cannot perform his prior work. Burch, 400 F.3d at 679.

The Court also notes that the ALJ also found, based on the VE's testimony, that Plaintiff would be able to perform other jobs in the national economy such as linen room attendant, hand packager and cleaner. (AR 21-22, 72-73.) Plaintiff has not challenged the ALJ's finding that Plaintiff could perform other work in the national economy except to challenge the completeness of the ALJ's RFC. As already noted, the ALJ's RFC is supported by substantial evidence.

\* \* \*

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: September 9, 2015           /s/ John E. McDermott
                                   JOHN E. MCDERMOTT
                                   UNITED STATES MAGISTRATE JUDGE